**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRACY LAVERN BEMBRY, | ) | Case No. 1:26-cv-626 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CUYAHOGA COUNTY DIVISION | ) | |
| OF CHILDREN AND FAMILY | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Tracy Lavern Bembry, an inmate in the Ohio Reformatory for Women, filed this action without a lawyer against the Cuyahoga County Division of Children and Family Services, the Cuyahoga County Clerk of Courts, and James D. Jones, a customer relations specialist.  In her complaint, she states that Defendants have continually denied her access to juvenile court records pertaining to her now adult daughter.  She contends that she needs to present the Ohio Parole Board with documentation of the abuse her daughter endured as an infant.  She does not assert any specific legal claims.  She simply asks the Court to order Defendants to release these documents to her or to the Parole Board directly, so that she can present them at her next hearing.

### STATEMENT OF FACTS

Ms. Bembry's Complaint is brief.  She is an inmate in the Ohio Reformatory for Women, serving a sentence of twenty-years to life imposed by the Cuyahoga

County Court of Common Pleas in 1989 following her conviction for aggravated murder. She alleges that she committed the murder in response to abuse involving her daughter. She seeks records from the Cuyahoga County Juvenile Court and Cuyahoga County Children's Services to verify the abuse. She claims her daughter was an infant when the abuse took place. She states that her daughter is now 40 years old, but the State court continues to deny her access to the juvenile court records and information regarding her daughter's foster care placement. She indicates that she had a parole hearing in 2023, and the Board requested verification or documentation of the abuse to reconsider the denial of her release on parole. She asks the Court to order Defendants to produce the records.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564

(2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimum notice pleading requirements of Rule 8, the complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Court cannot construct those claims on behalf of any litigant. In this case, Plaintiff has not suggested a legal basis in federal court for relief against Defendants. Her complaint fails to meet the notice pleading requirements of Rule 8.

Similarly, Plaintiff fails to establish a basis for federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Unlike State trial

courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  In this case, all parties appear to be citizens of Ohio, so jurisdiction cannot be based on diversity of citizenship.  The second type of federal jurisdiction, federal question, arises where the complaint contains at least one claim arising under federal law.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).  The complaint contains no causes of action.  Even liberally consrued, no federal cause of action fairly presents itself.  Federal question subject matter jurisdiction is not present.

Plaintiff has the burden of establishing subject matter jurisdiction to proceed with a case.  *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996).  She has

not met that burden.  Lack of subject matter jurisdiction is a non-waivable, fatal defect.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  May 4, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5